**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crystal Carter,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>IC Systems Incorporated, *et al.*,<br><br>　　　　　Defendants. | No. CV-20-00930-PHX-JJT<br><br>**ORDER** |

At issue is Defendant I.C. System, Inc.'s Motion to Dismiss (Doc. 12, MTD), to which Plaintiff Crystal Carter filed a Response (Doc. 16, Resp.) and Defendant filed a Reply (Doc. 18, Reply). No party requested oral argument on the Motion, and the Court finds the Motion appropriate for resolution without oral argument. LRCiv 7.2(f).

**I.   BACKGROUND**

On or around May 22, 2019, Defendant sent Plaintiff a letter demanding payment of a $1,055.05 debt Plaintiff owed to Sprint, which engaged Defendant to collect the debt. (Doc. 1, Compl. Ex. A, Dunning Letter.) The letter stated as follows:

> Your delinquent account has been turned over to this collection agency. Sprint is both the original and current creditor to whom this debt is owed.
>
> The account information is scheduled to be reported to the national credit reporting agencies in your creditor's name. You have the right to inspect your credit file in accordance with federal law. I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time described in the notice below.

(Dunning Letter.) Plaintiff alleges this language implies that both Sprint and Defendant may report Plaintiff's delinquent account with Sprint to credit reporting agencies, and based on that interpretation, Plaintiff brings a putative class action claim for deceptive practices under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e *et seq.* ("FDCPA"). Defendant now moves to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal under Rule12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III.   ANALYSIS

The Court's resolution of whether Plaintiff has stated an FDCPA claim begins and ends with an examination of the dunning letter's plain language. The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection" of a debt. 15 U.S.C. § 1692e. Plaintiff argues that the least sophisticated consumer could interpret the language Defendant used in the dunning letter to mean that Plaintiff's delinquent account may be reported to credit reporting agencies by both Sprint—by way of the phrase "account information is scheduled to be reported to the

national credit reporting agencies in your creditor's name"—and Defendant—by way of the phrase "[Defendant] will not submit the account information to the national credit reporting agencies until the expiration of the time described in the notice below."

The Court agrees with Defendant that Plaintiff's asserted interpretation is idiosyncratic and falls below an acceptable level of reasonableness. The plain language of the dunning letter, when read in its entirety, provides that Sprint has turned over Plaintiff's delinquent account to Defendant, the author of the letter, and that Defendant may report the delinquent account to the credit reporting agencies "in [Plaintiff's] creditor's name." An act *in the name of* one party is implicitly done by another party, and that is particularly clear here where Defendant stated two sentences earlier that Sprint turned the delinquent account over to Defendant. This interpretation is also entirely consistent with the rest of the paragraph, which states Defendant will not submit the delinquent account to the credit reporting agencies until the expiration of the prescribed time. Plaintiff's convoluted stretch of the language is beyond what the least sophisticated consumer could reasonably be expected to understand from the letter. *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012) (stating the FDCPA does not prohibit "bizarre or unreasonable" interpretations of a collection notice). Plaintiff provides no legal authority interpreting the same or similar language to the contrary. Because the plain language of the letter was not false, deceptive, or misleading as a matter of law, Plaintiff fails to state a claim under § 1692e of the FDCPA. Defendant makes further arguments in favor of dismissal—including that even if Plaintiff's interpretation of the dunning letter had merit, it would be immaterial—but the Court need not resolve them because Plaintiff's asserted interpretation is not sufficiently reasonable to state a claim under the FDCPA.

IT IS THEREFORE ORDERED granting Defendant I.C. System, Inc.'s Motion to Dismiss (Doc. 12) and dismissing Plaintiff's claim.

…

…

…

IT IS FURTHER ORDERED directing the Clerk of Court to enter final judgment and close this matter.

Dated this 9th day of August, 2021.

_____
Honorable John J. Tuchi
United States District Judge